UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AREE L. SPIVEY,

    Petitioner,

v.                                    Case No. 8:08-cv-2356-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Spivey petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of both the revocation of his probation and the sentence of fifteen years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 24) The respondent admits the petition's timeliness. (Response at 7)

## **FACTS**[1]

In 2003 Spivey pleaded no contest to three third-degree felonies.[2] He was sentenced to two years of drug offender probation. In 2005 Spivey's probation was revoked and he was sentenced to three consecutive five-year terms of imprisonment, for a total of fifteen years. Spivey's probation was revoked and the consecutive sentences

---

[1] This summary of the facts derives from Spivey's brief on direct appeal. (Respondent's Exhibit 2)

[2] Spivey was charged with two counts of driving while license revoked, possession of cocaine, and driving under the influence.

imposed because Spivey admitted to committing perjury during the trial of a capital offense.[3]  Spivey contends that his sentence of fifteen years is a vindictive sentence.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or

---

[3] Although both murder trials involved a capital offense, neither case was prosecuted with the death penalty as a possible sentence.

- 2 -

> (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. at 694. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). A

federal court must afford due deference to a state court's decision.  "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010). *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Spivey's convictions and sentences. (Respondent's Exhibit 5) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Spivey's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 13) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

- 4 -

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Spivey bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Spivey's post-conviction claims warrants deference in this case. (Order on Defendant's Motion for Post-Conviction Relief, Exhibit 10)

Ground One:

   Spivey and Jason Reid (his cousin) were arrested and charged with first-degree murder. They were tried separately. Testifying favorably for Reid at Reid's murder trial, Spivey denied seeing anyone with a gun during the altercation that caused the death of the victim. Despite Spivey's testimony, the jury found Reid guilty of first-degree murder. A couple of months later Spivey was tried for the same murder. At his trial Spivey testified (1) that he saw both Reid and Anderson possess guns and that Reid

shot Anderson and (2) admitted that he knew he was lying under oath when he testified at Reid's trial. The jury acquitted Spivey.

Spivey was serving a probationary sentence when he testified at the two trials. Based on his admitting to perjury, Spivey's probation was revoked and he was sentenced to three, consecutive, five-year sentences. This federal petition challenges the revocation of probation and consequent sentence.

In ground one Spivey contends that his sentence of fifteen years is a vindictive sentence. He contends that the sentencing judge justified the maximum sentence because "as a result of perjury [Spivey] avoided a mandatory life sentence." The state post-conviction court rejected this claim as follows (Respondent's Exhibit 10 at 1-2):

> In the first claim, the Defendant alleges that the trial court committed fundamental error when it imposed a sentence that was the maximum penalty of fifteen years. The Defendant alleges that this is a vindictive sentence. In determining whether "an imposed sentence is the result of judicial vindictiveness, the totality of the circumstances must be considered." *Brown v. State*, 875 So. 2d 744, 746 (Fla. 2d DCA 2004). The Second District Court of Appeal stated that
>
>> the factors to be considered in assessing the totality of the circumstances include, but are not limited to: (1) judicial participation in plea negotiations followed by a harsher sentence; (2) whether the trial judge initiated the plea discussions with the defendant in violation of *State v. Warner*, 762 So. 2d 507 (Fla. 2000); (3) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (4) the disparity between the plea offer and the ultimate sentence imposed; and (5) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

- 6 -

>   *Id.* (*citing Wilson v. State*, 845 So. 2d 142, 156 (Fla. 2003). None of the factors listed by the Second District Court of Appeal are alleged by the Defendant in his Motion. In fact, the Defendant's sole basis for the claim is that the sentencing court referenced the Defendant's underlying case that was the basis for the violation of probation. See Defendant's Motion. However, the sentencing court was permitted to use this underlying charge in determining the Defendant's sentence for violation of probation. Therefore, the Defendant has failed to demonstrate that the sentencing court acted in a vindictive manner. Accordingly, the Defendant's first claim is DENIED.

Spivey asserts no claim that the state judge imposed a sentence that is greater than state law authorizes. A sentence within legislatively mandated guidelines is presumptively valid. *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). If a sentence is within the statutory limits, state courts have wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Consequently, federal habeas corpus review of an asserted violation of state sentencing law is limited.

>   A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. 1981).[4]

---

[4] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993).

Although the constitution prohibits a vindictive sentence—such as an increased sentence when a defendant has succeed on appeal, *North Carolina v. Pearce*, 395 U.S. 711 (1969), *Blackledge v. Perry*, 417 U.S. 21 (1974)—the sentence Spivey challenges was not imposed after he exercised a right, such as an appeal. Instead, the state judge imposed the maximum sentence permitted by statute because Spivey lied during the trial of a capital offense. The state judge exercised his discretion consistent with controlling federal precedent. "[T]here is no protected right to commit perjury." *United States v. Grayson*, 338 U.S. 41, 54 (1978). A sentencing judge possesses the authority "to evaluate carefully a defendant's testimony on the stand, determine . . . whether that testimony contained willful and material falsehoods, and, if so," assess whether that factor should contribute to the sentence. *Grayson*, 438 U.S. at 54. *See also United States v. Dunnigam*, 507 U.S. 87, 91-93 (1993) (holding that a court could, consistent with the Constitution, enhance a criminal defendant's sentence based on a finding that he perjured himself at trial).

Grounds Two and Three

Spivey alleges that trial counsel rendered ineffective assistance by failing to object to the sentence as vindictive (ground two) and by providing "bad advice" to plead no contest (ground three). "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v.*

*Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that

"in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Spivey must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Spivey must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Spivey cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in


every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Spivey must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining "reasonableness," a federal petition for the writ of habeas corpus permits an independent assessment of "whether the state habeas court was objectively reasonable in its *Strickland* inquiry" but not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be

a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

In summarily denying Spivey's motion for post-conviction relief, the state court specifically recognized that *Strickland* governs a claim of ineffective assistance of counsel. (Respondent's Exhibit 10 at 2)  Because the state court rejected the claims based on *Strickland*, Spivey cannot meet the "contrary to" test in Section 2254(d)(1). Spivey instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts.  The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

The state post-conviction court rejected the claims asserted in grounds two and three as follows (Respondent's Exhibit 10 at 2-3):

> In the Defendant's second claim, he alleges that trial counsel failed to object to the trial court's imposition of a vindictive sentence.  The Court finds that as it has ruled that the Defendant's sentence was not vindictive, any objection made by trial counsel would have been meritless.  *Pace v. State*, 854 So. 2d 157, 182 (Fla. 2003).  However, the Defendant's claim also fails in that trial counsel, immediately after the imposition of the sentence, filed a motion to recuse the sentencing judge, and then filed motions to withdraw the plea and for mitigation of the sentence.  See attached Motions.  Accordingly, the issue of a vindictive sentence was preserved for appellate purposes.  Therefore, the Defendant has failed to satisfy either prong of *Strickland v. Washington*, and the second claim is DENIED.
>
> In the third claim, the Defendant alleges that trial counsel provided bad advice when it advised the Defendant to admit to the violation of probation.  The Defendant alleges that trial counsel did not have adequate knowledge of the allegations contained within the affidavit of violation of probation.  The Court finds that the Defendant's claim is without merit.  The record reflects that the same trial counsel represented the Defendant in his violation of probation and in

>   the underlying charge resulting in the violation, the one count of perjury. Therefore, the Court finds that trial counsel would have been well versed in the underlying charge as the case involving perjury eventually went to trial.
>
>   Further, an allegation that trial counsel is ineffective because it advised the Defendant to plead or proceed to trial, "is akin to a tactical or strategic claim . . . [and] such an allegation cannot form the basis for postconviction relief." *Dines v. State*, 909 So. 2d 521, 522-23 (Fla. 2d DCA 2005) (*citing Gonzales v. State*, 691 So. 2d 602, 603 (Fla. 4th DCA 199)). Therefore, the fact that trial counsel advised the Defendant to admit the violation of probation, and that the Defendant received a harsh penalty as a result, does not meet either prong of the *Strickland v. Washington* test. Accordingly, the Defendant's third claim is DENIED.

As determined above under ground one, Spivey suffers no vindictive sentence. Consequently, the post-conviction court's rejection of Spivey's claim of ineffective assistance of counsel asserted in ground two is not an unreasonable application of *Strickland*. Spivey fails to show that trial counsel misunderstood the basis for the revocation of probation, specifically Spivey's admitting in his murder trial that he lied under oath while testifying at his co-defendant's trial. The attorney who represented Spivey at the revocation of probation also represented him at the subsequent perjury trial, where Spivey was convicted of perjury.[5] Spivey fails to show that the post-conviction court's rejection of his claim of ineffective assistance of counsel asserted in ground three is an unreasonable application of *Strickland*.

Accordingly, Spivey's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Spivey and close this case.

---

[5] Spivey unsuccessfully challenged his perjury conviction in 8:08-cv-2235-T-23AEP.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS

Spivey is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Spivey must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Spivey fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Spivey cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Spivey is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Spivey must pay the full $455 appellate filing fee without installments unless the circuit court allows Spivey to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on September 20, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE